1  **MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
2  Louis M. Marlin, Esq. (SBN 54053)
Marcus J. Bradley, Esq. (SBN 174156)
3  29229 Canwood Street, Suite 208           E-FILED 05/26/10
Agoura Hills, California  91301
4  (818) 991-8080; Fax (818) 991-8081
ssaltzman@marlinsaltzman.com
5  louis.marlin@marlinsaltzman.com
mbradley@marlinsaltzman.com

6  **UNITED EMPLOYEES LAW GROUP, PC**
Walter Haines, Esq. (SBN 71075)
7  110 Pine Avenue, Suite 725
Long Beach, California  90802
8  (888) 474-7242; Fax (866) 435-7471
whaines@uelglaw.com

9  Attorneys for Plaintiffs RICARDO CORBERA and JAMES GROSS

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  RICARDO CORBERA, JAMES          )   **CASE NO. CV 10-1343 PSG**
GROSS, individually and on behalf of )   **(JEMx)**
13  other individuals similarly situated )
                                     )   **Judge:  Hon. Philip S. Gutierrez**
14              Plaintiffs,          )
                                     )   **CLASS ACTION** (FRCP 23)
15      vs.                          )
                                     )
16  JPMORGAN CHASE BANK, N.A.        )   **SECOND AMENDED**
an Ohio Corporation, and DOES 1-    )   **COMPLAINT FOR DAMAGES**
17  10, Inclusive,                   )   1.    **Failure to Pay Overtime**
                                     )         **Compensation in Violation of**
18              Defendants,          )         **Cal.** *Labor Code* **§1194,** *et. al*;
                                     )   2.    **Failure to Indemnify and**
19  _____ )         **Illegal Wage Deductions in**
                                     )         **Violation of Cal.** *Labor Code*
20                                         **§§226 and 2802;**
21                                   3.    **Failure to Allow and Pay for**
                                           **Meal and Rest Breaks Under**
22                                         **Cal.** *Labor Code* **§§200, 226.7,**
                                           **512, and §12 of CCR Title 8,**
23                                         **Chapter 5, §11040;**
                                     4.    **Failure to Furnish an**
24                                         **Accurate Itemized Wage**
                                           **Statement upon Payment of**
25                                         **Wages in Violation of Cal.**
                                           *Labor Code* **§226;**
26                                   5.    **Failure to Pay Full Amount**
                                           **of Earned "Wages";**
27                                   6.    **Failure to Pay Compensation,**
                                           **Upon Discharge in Violation**
28

1

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

of Cal. *Labor Code* §§201-203;

7.  **Failure to Pay Earned/Accrued Vacation and/or Personal Time at Termination** - *Labor Code* §227.3

8.  **Violation of Cal. *B&P Code* §§17200 *et. seq.***

COMES NOW, Plaintiffs RICARDO CORBERA and JAMES GROSS, on their own behalf and on behalf of all similarly situated persons, and for causes of action against Defendants, and each of them, allege as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.  This matter is brought as a class action pursuant to *Federal Rules of Civil Procedure* Rule 23, as well as pursuant to applicable laws of the State of California.

2.  This Complaint alleges systematic violations of California *Wage and Hour* laws and is brought by Plaintiffs on their own behalf and on behalf of all current employees, as well as all former employees of Defendants employed in the State of California whose employment with Defendants ended between February 17, 2006 and the date judgment is rendered herein.

3.  Defendants, and each of them, have violated relevant laws and regulations requiring the timely payment of all agreed upon and earned "wages," misclassified the Plaintiffs and plaintiff class as "exempt" employees, systematically failed to pay Plaintiffs and plaintiff class overtime pursuant to relevant law, and failed to allow required rest and meal breaks.

4.  Defendants, and each of them, have systematically violated the provisions of the California *Labor Code*[1] relating to the rights of employees to receive

---

[1] References hereafter to the *Labor Code* relate to the California *Labor Code*.

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

the timely and full payment of all earned and unpaid wages (in the form of vacation/personal time/personal days benefits/commissions), including all earned and unpaid "wages" at the time of termination of employment in violation of *Labor Code* §§ 201 - 203.   Such actions include the failure to pay all vested and unused vacation/personal time benefits upon termination of employment.

5.      Defendants, and each of them, have further violated the provisions of *Labor Code* §227.3 and various appellate level California decision in that they failed to pay employees at the time of the termination of their employment for accrued vacation/personal time/personal days that remained accrued (and thus vested) and unused at the time of the termination of their employment.

6.      The wages which Defendants have failed to timely and fully pay upon termination of employment are wages arising from accrued but unused vacation pay (including "personal time"and/or "personal days" compensation). *Labor Code* §227.3 defines vacation pay as a wage.   The California Division of Labor Standards Enforcement has determined that personal time and/or personal days (as noted above and hereafter collectively "personal time") compensation, as provided by Defendants herein to Plaintiffs and the members of the proposed Class, is vacation pay and thus a wage.

7.      Additionally, Defendants have failed to pay Plaintiffs and proposed class members the full amount of their accrued commission payments in a timely manner as required by law. Instead, Defendants have either not paid the accrued commissions at all, or changed the method of calculating the commission after the commission had already been earned and/or accrued, resulting in Plaintiffs and proposed class receiving less that the amount they were entitled to.

8.      The Defendants have administered a corporate policy, practice and/or custom concerning the accrual, vesting and payment of vacation pay (which includes personal time compensation) which is in violation of California statutory and

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

1  decisional law.

2       9.    The actions of Defendants are in violation of *Labor Code* §§ 201 - 203
3  and 227.3, as well as the wage orders of the Industrial Wage Commission of the State
4  of California and, as a result, are unlawful and unfair acts, and thus constitute a
5  violation of California *Business & Professions Code* § 17200, etc. (Unfair Practices
6  Act).

7       10.    The policies, practices and customs of Defendants described above and
8  herein have resulted in unjust enrichment of Defendants and an unfair business
9  advantage over businesses that routinely adhere to the strictures and requirements of
10  the *Labor Code* and of the *Business & Professions Code.*

11                **JURISDICTION AND VENUE**

12       11.    This Court has jurisdiction over this class action pursuant to 22
13  U.S.C. § 1332 in that the matter in controversy exceeds $5 million dollars and there
14  is a diversity of citizenship since Defendant JPMORGAN CHASE BANK, N.A. in
15  its Articles of Association, designated its main office as Columbus, Ohio and
16  therefore is not a citizen of the State of California; and  the Plaintiffs and proposed
17  class representatives are citizens of the State of California, and it is estimated over
18  90% of the proposed Class members, the number of which exceeds 100, are citizens
19  of the State of California.

20       12.    Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that
21  Defendants are subject to personal jurisdiction in this district at the time action was
22  commenced and, pursuant to 28 U.S.C. §§ 1391(b)(c), because a substantial part of
23  the events or omissions giving rise to the claims asserted herein occurred and had
24  their primary effect in this judicial district.

25               **GENERAL FACTUAL ALLEGATIONS**

26      Plaintiffs allege:

27       13.    This lawsuit is a class action brought on behalf of the Plaintiff Class

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

1  which is made up of all persons who are or have been employed by JPMorgan Chase
2  Bank, N.A. ("Chase" or "Defendant") as "loan officers," "banking loan consultants,"
3  or any other title performing the same general duties, in any of Defendants' branch
4  and/or loan offices in the State of California during the Class Period, or as an
5  employee not associated with a particular branch.   Inasmuch as "loan officers,"
6  "banking loan consultants" and any other job titles performing loan officer duties
7  performed the same general actions, for ease of reference and continuity, all
8  "plaintiffs" will be referred to as "loan officers" regardless of their actual job title.
9      14.   In this case, Plaintiffs seek relief for themselves and the plaintiff class
10  under California's Wage and Hour Laws to remedy Defendants' failure to pay earned
11  wages as earned and due, failure to pay overtime compensation in violation of *Labor*
12  *Code* §1194 and the order and standards promulgated by the California Division of
13  Labor Standards Enforcement and the California Industrial Welfare Commission;
14  failure to allow and pay for meal and rest breaks pursuant to *Labor Code* §§200,
15  226.7, 512, and Section 12 of the *California Code of Regulations*, Title 8, Chapter 5,
16  Section 11040; failure to pay compensation at time of termination in violation of
17  *Labor Code* §§201-203; failure to indemnify Plaintiffs for illegal wage deductions in
18  violation of *Labor Code* §§226 and 2802; and failure to furnish Plaintiff and class
19  members <u>accurate</u> itemized statements required by *Labor Code* §226 upon payment
20  of wages.
21      15.   The "Class Period" is designated as the time from February 17 , 2006,
22  through the date judgment is entered, based upon information and belief that the
23  violations of the *Labor Code*, as described more fully hereinafter, began long before
24  February 17, 2006, and are continuing.  Plaintiff herein reserves the right to amend
25  this Complaint for Damages to reflect a different "Class Period" as discovery in this
26  matter proceeds.
27      16.   During the "Class Period," Defendants, and each of them, acting in
28

5

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

concert, agreed to institute a plan, and did institute a plan, pursuant to which Defendants would and did (1) unlawfully and willfully failed to pay Plaintiffs and members of the plaintiff class for accrued vacation/personal days/sick days; (2) unlawfully and willfully failed to pay Plaintiffs and members of the plaintiff class for accrued commissions at the rate applicable at the time the commissions were earned; (3) unlawfully and willfully failed to pay overtime compensation to the Plaintiffs and members of the plaintiff class; (4) unlawfully and willfully failed to allow and pay for meal and rest breaks to plaintiff and the plaintiff class; (5) unlawfully and willfully failed to pay compensation owing (including unpaid overtime) in a prompt and timely manner to Plaintiffs and members of the plaintiff class whose employment with Defendant terminated; (6) unlawfully and willfully failed to indemnify Plaintiffs and plaintiff class for illegal wage deductions; and (7) unlawfully and willfully failed to furnish Plaintiffs and plaintiff class <u>accurate</u> itemized statements required by the *Labor Code* upon payment of wages.

17.    Specifically, defendants have implied and enforced a policy of requiring the Plaintiffs and members of the plaintiff class of loan officers to work uncompensated overtime in violation of California Law, including *Labor Code* §1194 and Regulations promulgated under the *Labor Code*. Defendants practicing policy, is and, at all relevant times has been, to fail and refuse to pay overtime compensation due and owing to the plaintiff and members of the plaintiff class in violation of California Law. Defendants, and each of them, have instituted an unlawful policy and practice of treating Plaintiffs and class members as exempt from the legal obligations under California Law to pay overtime compensation and failing and refusing to pay Plaintiffs and members of the plaintiff class overtime pay for overtime work, notwithstanding the fact that Plaintiffs and members of the plaintiff class are not exempt, and are entitled to overtime pay for overtime work. Defendants have treated all of their loan officers as exempt from California's overtime pay

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

1   requirements and have refused to pay all such members of the class overtime,

2   notwithstanding the fact that all such loan officers are not exempt and are indeed

3   entitled to overtime pay under California's Wage and Hour Laws.

4       18.   Defendants have willfully failed and refused, and continue to fail and

5   refuse, to allow and pay Plaintiffs and members of the plaintiff class for meal and rest

6   breaks, in violation of *Labor Code* §§200, 226.7, 512 and §12 of the *California Code*

7   *of Regulations* Title 8, Chapter 5, §11040.

8       19.   Defendants have willfully failed and refused, and continue to fail and

9   refuse, to pay Plaintiffs and members of the plaintiff class, wages (including overtime

10  pay), due and owing at the time Plaintiffs and plaintiff class members' employment

11  with Defendants terminated in a timely and prompt manner as required by *Labor*

12  *Code* §§201-203.

13      20.   Defendants have willfully failed and refused, and continue to fail and

14  refuse, to indemnify Plaintiffs and plaintiff class for illegal wage deductions from

15  Plaintiffs and class members "incentive" wages. Plaintiffs and plaintiff class receive

16  "incentive" wages based on performance goals. Defendants have made, and continues

17  to make, deductions from said wages for "errors," in violation of *Labor Code* §§226

18  and 2802.

19      21.   Defendants have willfully failed and refused, and continue to fail and

20  refuse, to furnish Plaintiffs and plaintiff class members <u>accurate</u> itemized wage

21  statements upon payment of wages in violation of *Labor Code* §226.

22      22.   Plaintiffs and members of the plaintiff class previously were or presently

23  are "loan officers" working in California who were not and are not exempt employees

24  under California Law, working for Defendant.

25                          **THE PARTIES**

26      23.   Plaintiff RICARDO CORBERA resides in Los Angeles County, State

27  of California. Said Plaintiff was employed by Defendants as a "loan officer" in

28

7

1   Defendants' branch office located in Los Angeles county, California, during the class

2   period. Plaintiff Corbera was originally hired by Washington Mutual ("WaMu") in

3   or about August, 2007 and his employment with Defendants ended in or about

4   October, 2009.[2]  Mr. Corbera is a member of the plaintiff class and of sub-class

5   No. 1.

6          24.    Plaintiff JAMES GROSS resides in Riverside County, State of

7   California. Said plaintiff was originally employed by Chase as a "loan officer" in

8   Riverside County, California, in or about October, 2001 and his employment with

9   Chase ended on or about January 4, 2010. Although not generally operating out of

10  an office, the last office from which Plaintiff Gross operated was Chase's office

11  located in Corona, California, during the class period. Mr. Gross is a member of the

12  plaintiff class and of sub-class No. 1.

13         25.    Defendant is a corporation engaged in the mortgage banking business

14  in the State of California. Said Defendant was at all times doing business throughout

15  the State of California and had various offices located in the County of Los Angeles.

16  Many of the members of the plaintiff class, including the representative Plaintiffs

17  named herein, have been employed during the class period in Los Angeles County.

18  The practices and policies which are complained of by way of this complaint are

19  enforced throughout the State of California, including Los Angeles County.

20         26.    Plaintiffs do not know the true names or capacities of Defendants sued

21  herein as Does 1-100, inclusive, and will amend their complaint toward the same, as

22  soon as is certain.

23         27.    Plaintiffs are informed and believe, and on that basis allege, that each of

24  the fictitiously named Defendants were in some manner legally responsible for the

25  _____

26         [2]Because he began with WaMu, Plaintiff Corbera had the job title "banking loan
    consultant." As indicated above, for ease of reference he will be referred to as a "loan
27  officer", the term used by Chase.

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

unlawful actions, unlawful policies, and unlawful practices. Plaintiffs will amend the Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been asserted. On the basis of information and belief, it is alleged that each of the defendants herein was the agent of the other and the agent of Chase. Each such Defendant was acting in the scope of his or her agency at all relevant times. Each Defendant's act complained of herein was authorized or ratified by the other Defendants, including Chase or duly authorized representatives or managing agents of Defendants, in the course and scope of the agency for the benefit of themselves, each other, and the benefit of Chase.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this action as a Class Action on behalf of the following defined class and sub-class:

> The Class is comprised of all persons who, within the relevant time periods prior to the filing of this Complaint, have been or currently employed by Defendants in California and who held or hold the positions of "banking loan consultant," "loan officer" or other titles with similar job duties.

Sub-Class 1:

> All class members whose employment with Defendants has ended.

29.     Plaintiffs are informed and believe, and on that basis allege, that during the class period, hundreds, if not thousands of class members have been employed by Chase as loan officers in the State of California. Because so many persons have been employed by Chase as loan officers, the members of the plaintiff class are so numerous that joinder of all members is impossible and/or impracticable.

30.     Plaintiffs' claims are typical of the members of the plaintiff class.

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

Plaintiffs, like other members of the class of loan officers working for Chase in California, were subjected to Chase's policy and practice of refusing to pay overtime in violation of California Wage and Hour laws. Plaintiffs' job duties were and are typical of those of other class members who worked for Chase as loan officers in California.

31.    The Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained counsel competent and experienced in both class action and employment litigation.

32.    Common questions of law, in fact, exist as to all members of the plaintiff class and predominate over any questions affecting solely individual members of the plaintiff class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

(a)    Whether Defendants failed to pay Plaintiffs and the plaintiff class accrued and vested vacation/personal time/personal days as required by law;

(b)    Whether Defendants mis-classified Plaintiffs and the plaintiff class as exempt employees, under prevailing California Law;

(c)    Whether Defendants unlawfully failed to pay overtime compensation to the Plaintiffs and plaintiff class in violation of *Labor Code* §1194;

(d)    Whether Plaintiffs and the plaintiff class of "loan officers" are entitled to overtime pay for overtime hours worked under California Law;

(e)    Whether Defendants can require Plaintiffs and members of the plaintiff class to work overtime hours without compensation as a condition of their employment;

(f)    Whether Chase's policy and practice of failing to pay overtime to "loan officers" violates applicable provisions of California Law, including *Labor Code* sections, applicable Industrial Welfare Commission Orders, and applicable

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

1    State Regulations;

2            (g)    Whether Defendants unlawfully and/or willfully failed to allow

3    and pay for meal and rest breaks to Plaintiffs and plaintiff class pursuant to *Labor*

4    *Code* §§200, 226.7, 512, and §12 of California Code of Regulations, Title 8, Chapter

5    5, §11040;

6            (h)    Whether Defendants unlawfully and/or willfully failed to promptly

7    pay compensation owing (including monthly "draws" and/or unpaid overtime pay)

8    to Plaintiffs and members of the plaintiff class upon termination of their employment

9    in violation of *Labor Code* §§201-203;

10           (i)    Whether Defendants unlawfully and/or willfully failed to indemnify

11   Plaintiffs and plaintiff class for illegal wage deductions in violation of *Labor Code*

12   §§226 and 2802;

13           (j)    Whether Defendants unlawfully and/or willfully failed to furnish

14   Plaintiffs and the plaintiff class <u>accurate</u> itemized wage statements upon payment of

15   wages in violation of *Labor Code* §226;

16           (k)    Whether Defendants improperly paid a lower wage by changing

17   its compensation policies concerning commissions that had already been earned;

18           (l)    Whether Plaintiffs and members of the plaintiff class sustained

19   damages, and if so, the proper measure of such damages, as well as interest, penalties,

20   costs, attorneys' fees, and equitable relief; and,

21           (m)    Whether the Defendants violated the Unfair Business Practices

22   Law of California, §17200, *et seq.*, by violating the above cited provisions, and

23   treating the Plaintiffs and members of the plaintiff class unfairly by failing to pay

24   overtime, failing to provide and pay for meal and rest breaks, failing to pay wages

25   upon termination, for taking illegal wage deductions and/or wage deductions from

26   Plaintiffs and class members' wages, and failing to furnish an <u>accurate</u> itemized wage

27   statement upon payment of wages.

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

33.     Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

**FAILURE TO PAY OVERTIME COMPENSATION**

**IN VIOLATION OF CAL. *LABOR CODE* §1194 *et. al***

**(Against All Defendants**

**On behalf of Plaintiffs and the Plaintiff Class)**

34.     Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 33.  This cause of action is pled against Chase and DOES 1 –100, inclusive.

35.     Pursuant to Industrial Welfare Commission Order 4, California *Code of Regulations*, Title 8, Chapter 5, §11040, §12, and *Labor Code* §§200, 226, 500, 510, 512, 1194, and 1198, Defendants were required to compensate Plaintiffs and members of the class for all overtime, which is calculated at one and one-half (1½ ) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day; with double time after eight (8) hours on the seventh day of any work week, or after 12 hours in any work day.

36.     Plaintiffs and members of the plaintiff class were and are non-exempt employees entitled to the protections of Industrial Welfare Commission Order 4, California *Code of Regulations*, Title 8, §11040, §12, and *Labor Code* §§200, 226, 500, 510, 512, 1194, and 1198.  During the course of Plaintiffs' employment, and during the course of the employment of the members of the class, Defendants failed to compensate Plaintiffs and the class for overtime hours worked as required under the aforementioned labor codes and  regulations.

37.     Under the aforementioned wage orders, statutes, and regulations, Plaintiffs and members of the class are entitled to one and one-half (1½) times and/or

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

double their regular rate of pay for overtime work performed during the four (4) years preceding the filing of this Complaint, based on appropriate calculations of the "total remuneration" for each workweek.

38.    In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the class for all wages earned and all hours worked.  As a direct result, Plaintiffs and the class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

39.    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the class, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights and the rights of the class.  Plaintiffs and the class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof a time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

40.    Defendants' conduct described herein violates Industrial Welfare Commission Order 4, California *Code of Regulations*, Title 8, §11040, §12, and *Labor Code* §§200, 226, 500, 510, 512 and 1198.  Therefore, pursuant to *Labor Code* §§200, 203, 226, 226.7, 512, 558 and 1194, Plaintiffs and the class are entitled to recover the unpaid balance of overtime compensation Defendants owe Plaintiffs and the class, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

/ / /

/ / /

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

## SECOND CAUSE OF ACTION

### FAILURE TO INDEMNIFY AND ILLEGAL WAGE DEDUCTIONS

### IN VIOLATION OF CAL. LABOR CODE §§226 AND 2802

#### (Against All Defendants

#### On behalf of Plaintiffs and the Plaintiff Class)

41.     Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 40.  This cause of action is pled against Chase and DOES 1 - 100, inclusive.

42.     Pursuant to *Labor Code* §2802, requiring employees to expend monies or indemnify their employer for losses in direct consequence of the discharge of their duties, is unlawful.  Pursuant to Industrial Welfare Commission Orders 4, California *Code of Regulations*, Title 8,  Chapter 5, §11040, *Labor Code* §226, and other laws of the State of California, it is also unlawful for employers to make set-offs and/or deductions from employees' wages, and to fail to properly itemize all deductions from wages.

43.     Defendants were required to indemnify and reimburse Plaintiffs and members of the class for all expenditures or losses incurred in direct consequence of the discharge of their duties, but failed to indemnify and reimburse as an employer is required to do under the laws and regulations of the State of California.  Further, Defendants made unlawful deductions and/or set-offs from Plaintiffs' and class members' wages, and failed to properly itemize all deductions from wages in violation of *Labor Code* §§226 and 2802, and Industrial Welfare Commission Orders 4, California *Code of Regulations*, Title 8, Chapter 5, §11040.

44.     During the four (4) years preceding the filing of this Complaint, Defendants have withheld indemnification from, charged, deducted, and/or set-off the wages of Plaintiffs and class members for illegal purposes.

45.     In violation of state law, Defendants have knowingly and willfully

refused to perform their obligations to compensate Plaintiffs and the class for all wages earned and all hours worked, and failed to properly indemnify and reimburse Plaintiffs and the class.  As a direct result, Plaintiffs and the class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost  interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants  to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

46.    Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the class, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights and the rights of the class.  Plaintiffs and the class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

47.    Defendants' conduct described herein violates *Labor Code* §§ 226 and 2802. As a proximate result of the aforementioned violations, Plaintiffs and the class have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.  Therefore, pursuant to *Labor Code* §§§§200, 203, 218.5, 226, 226.7, 512, 558, 1194 and 2802, Plaintiffs and the class are entitled to recover the unpaid balance of wages Defendants owe, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

/ / /

/ / /

/ / /

/ / /

/ / /

15

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

## THIRD CAUSE OF ACTION

### FAILURE TO ALLOW AND PAY FOR MEAL AND REST BREAKS
### UNDER CAL. LABOR CODE §§200, 226.7, 512, AND §12 OF
### CCR TITLE 8, CHAPTER 5, §11040

**(Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)**

48.     Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 47.  This cause of action is pled against Chase and DOES 1 - 100, inclusive.

49.     At all times relevant herein, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to Industrial Welfare Commission Order 4, California *Code of Regulations*. Title 8, Chapter 5, §11040, §12, and *Labor Code* §§200, 226, 226.7, 500, 510, 1197, 1194 and 1198.

50.     For the four (4) years preceding the filing of this action, Defendants failed to compensate Plaintiffs and members of the plaintiff class for all hours worked by not compensating them for work performed.  Defendants failed to pay applicable minimum wages; Defendants failed to provide breaks as required by law; defendants failed to compensate employees for overtime based on "total remuneration" for the work week; Defendants failed to pay for meal periods; Defendants did not accurately record hours worked; Defendants failed to properly itemize wages; and other reasons to be discovered.

51.     Under the aforementioned wage orders and regulations, Plaintiffs and plaintiff class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to *Labor Code* §§218.5, 1194, and penalties pursuant to *Labor Code* §§203 and 226, 226.7, and 558.

52.     In violation of state law, Defendants have knowingly and willfully

**SECOND AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 10-1343 PSG (JEMx)**

refused to perform their obligations to compensate Plaintiffs and plaintiff class for all wages earned and all hours worked.  As a direct result, Plaintiffs and plaintiff class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.  Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and members of the plaintiff class, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights.  Plaintiffs and plaintiff class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amount according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

53.   As a proximate result of the aforementioned violations, Plaintiffs and plaintiff class have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

54.   Defendants' conduct described herein violates Industrial Welfare Commission Order 4, California *Code of Regulations*, Title 8, §11040, §12, and *Labor Code* §§200, 203, 218.5, 226, 226.7, 512, 558, 1194, and 1198.  Therefore, pursuant to  California *Code of Regulations*, Title 8, §11040, §12 and *Labor Code* §§203, 218.5, 226, 226.7, 512, 558, 1194 and 1198, Plaintiffs and plaintiff class are entitled to recover damages for the nonpayment of wages of all hours worked that were improperly deducted by Defendants' policies, liquidated damages for underpayment of minimum wages, penalties, reasonable attorneys' fees, expenses, and costs of suit.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

///

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

# FOURTH CAUSE OF ACTION

## FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT UPON PAYMENT OF WAGES IN VIOLATION OF CAL. LABOR CODE §226

### (Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)

55.    Plaintiffs hereby reallege, and incorporates by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 54.  This cause of action is pled against Chase and DOES 1 - 100, inclusive.

56.    *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall ... at the time of each payment of wages, furnish his or her employees ... an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee...(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis...." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

57.    Defendants failed to accurately record the overtime hours worked by Plaintiffs and plaintiff class members.

58.    Additionally, Defendants failed to accurately itemize the piece-rate units earned by Plaintiffs and plaintiff class members, by failing to break down their incentive pay for production goals set for the amount of loans closed in a month and/or pay period.

59.    Plaintiffs and plaintiff class members were damaged by these failures

18

SECOND AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 10-1343 PSG (JEMx)

1    because, among other things, the failures hindered Plaintiffs and plaintiff class

2    members from determining the amounts of wages actually owed to them.

3          60.    Plaintiffs and plaintiff class members request recovery of *Labor Code*

4    §226(e) penalties according to proof, as well as interest, attorney's fees and costs

5    pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or

6    other statutes.

7                           **FIFTH CAUSE OF ACTION**

8           **FAILURE TO PAY FULL AMOUNT OF EARNED "WAGES"**

9    **(Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)**

10         61.    Plaintiffs hereby reallege, and incorporate by reference as though set

11   fully forth herein, the allegations contained in paragraphs 1 through 60.  This cause

12   of action is pled against Chase and DOES 1 - 100, inclusive.

13         62.    During the relevant class period, the Plaintiffs and plaintiff class had

14   agreed with Chase to perform tasks on behalf of Chase with the understanding and

15   agreement that Plaintiffs and plaintiff class would be paid a certain "wage" for their

16   actions, which "wage" included, but was not limited to, commissions on certain

17   activities. Plaintiffs and plaintiff class performed the agreed upon activities and

18   earned and became vested in certain wages, including commissions for those

19   activities.

20         63.    On or about July 1, 2009, Chase unilaterally changed the terms of the

21   employment contract applicable to Plaintiffs and the plaintiff class, thereby changing

22   the "wages" including commissions, that would be earned by Plaintiffs and plaintiff

23   class.

24         64.    Additionally, Chase unilaterally determined that the newly instituted

25   employment contract would be applied to commissions that had been earned and

26   vested by Plaintiffs and plaintiff class prior to July 1, 2009, but which "wages,"

27   including commissions, had not yet been paid by Defendants.

28
                                    19
                **SECOND AMENDED COMPLAINT FOR DAMAGES**
                **CASE NO. CV 10-1343 PSG (JEMx)**

65.     Because of the unilateral decision of Chase, Plaintiffs and Plaintiff class were not paid the full value of all "wages" (including commissions) which had been earned and vested, but not yet paid.

66.     Plaintiffs and other Class Members are entitled to recover all unpaid wages from Defendants.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY COMPENSATION UPON DISCHARGE
## IN VIOLATION OF CAL. LABOR CODE §§201-203

**(Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)**

67.     Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in paragraphs 1 through 66.  This cause of action is pled against Chase and  DOES 1 - 100, inclusive.

68.     *Labor Code* § 201 provides, in relevant part, "[I]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

69.     *Labor Code* § 202 provides, in relevant part, "[I]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

70.     Pursuant to *Labor Code* §201, upon former employee Plaintiffs' and class members' termination dates, Defendants were required to pay Plaintiffs and class members  all earned.  At the time of Plaintiffs' and class members' respective termination dates, Plaintiffs and class members had unpaid wages, which wages included earned and unpaid commissions and monthly "draws." In violation of *Labor Code* §201, Defendants failed to pay former employee Plaintiffs and class members

**SECOND AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 10-1343 PSG (JEMx)**

1   all of the amount of wages due and owing them, in amounts to be proven at the time

2   of trial, but in excess of the jurisdiction of this Court.

3       71.    Defendants' failure to pay former employee Plaintiffs and class members

4   the respective wages due and owing them was willful, and done with the wrongful

5   and deliberate intention of injuring Plaintiffs and class members, from improper

6   motives amounting to malice, and in conscious disregard of their rights.

7       72.    Defendants' willful failure to pay former employee Plaintiffs and

8   plaintiff class all of the wages due and owing them constitutes violations of *Labor*

9   *Code* §§201 and 203, which provides that an employee's wages will continue as a

10  penalty up to thirty (30) days from the time the wages were due.  Therefore, former

11  employee Plaintiffs and class members are each entitled to penalties pursuant to

12  *Labor Code* §203.

13      73.    Pursuant to *Labor Code* §218.5, former employee Plaintiffs and class

14  members are also entitled to an award of reasonable attorneys' fees, expenses, and

15  costs incurred in this action.

16      WHEREFORE, Plaintiffs request relief as hereinafter provided.

17                    **SEVENTH CAUSE OF ACTION**

18       **FAILURE TO PAY EARNED/ACCRUED VACATION AND/OR**

19              **PERSONAL TIME AT TERMINATION**

20                    **LABOR CODE §227.3**

21   **(Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)**

22      74.    Plaintiffs hereby reallege, and incorporate by reference as though set

23  fully forth herein, the allegations contained in paragraphs 1 through 73.  This cause

24  of action is pled against Chase and DOES 1 - 100, inclusive.

25      75.    *Labor Code* § 227.3 states in relevant part, "unless otherwise provided

26  by a collective-bargaining agreement, whenever a contract of employment or

27  employer policy provides for paid vacations, and an employee is terminated without

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

1  having taken off his vested vacation time, all vested vacation shall be paid to him as
2  wages at his final rate in accordance with such contract of employment or employer
3  policy respecting eligibility or time served. . ."

4       76.    The California Division of Labor Standards Enforcement has determined
5  that personal compensation time, as provided by Defendants herein to the members
6  of the class, is considered to be vacation pay and thus a wage.

7       77.    The amount of earned and unpaid vacation and/or personal time wages
8  due to Plaintiffs and those members of the class who have never received all earned
9  and unpaid wages can be ascertained from Defendants' payroll and related records.

10       78.    Pursuant to *Labor Code* §201, upon former employee Plaintiffs' and
11  class members' termination dates, Defendants were required to pay Plaintiffs and
12  class members  all earned.  At the time of Plaintiffs' and class members' respective
13  termination dates, Plaintiffs and class members had unpaid wages, which wages
14  included earned and unpaid vacation/personal.  In violation of *Labor Code* §201,
15  Defendants failed to pay former employee Plaintiffs and class members all of the
16  amount of wages due and owing them, in amounts to be proven at the time of trial,
17  but in excess of the jurisdiction of this Court.

18       79.    Defendants' failure to pay former employee Plaintiffs and class members
19  the respective wages due and owing them was willful, and done with the wrongful
20  and deliberate intention of injuring Plaintiffs and class members, from improper
21  motives amounting to malice, and in conscious disregard of their rights.

22       80.    Defendants' willful failure to pay former employee Plaintiffs and
23  plaintiff class all of the wages due and owing them constitutes violations of *Labor*
24  *Code* §§201 and 203, which provides that an employee's wages will continue as a
25  penalty up to thirty (30) days from the time the wages were due.  Therefore, former
26  employee Plaintiffs and class members are each entitled to penalties pursuant to
27  *Labor Code* §203.

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

81.     Pursuant to *Labor Code* §218.5, former employee Plaintiffs and class members are also entitled to an award of reasonable attorneys' fees, expenses, and costs incurred in this action.

WHEREFORE, Plaintiffs request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA

### BUSINESS AND PROFESSIONS CODE SECTION 17200, *et al*

### (Against All Defendants On behalf of Plaintiffs and the Plaintiff Class)

82.     Plaintiffs hereby reallege, and incorporate by reference as though set fully herein, the allegations contained in paragraphs 1 through 81.  This cause of action is pled against Chase and DOES 1-100, inclusive.

83.     By violating the statutes and regulations laid out in this Complaint, and incorporated by reference hereto, and unfairly deducting wages for "errors" from Plaintiffs' and class members' pay, and failing to furnish an <u>accurate</u> itemized wage statement, Defendants' acts constitute unfair and unlawful business practices under *Business and Professions Code* §17200, *et. seq.*

84.     Defendants' violations of California wage and hour laws and illegal payroll practices or payment policies constitute a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiffs and plaintiff class members.

85.     For the four (4) years preceding the filing of this action, Plaintiffs and plaintiff class members have suffered damages and request restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of plaintiff class pray for judgment as follows:

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**

1.   For nominal damages;

2.   For compensatory damages;

3.   For restitution of all monies due to Plaintiffs and members of the plaintiff class, and disgorged profits from the unlawful business practice of Defendants;

4.   For waiting time penalties pursuant to *Labor Code* §203;

5.   For Penalties pursuant to *Labor Code* §§206, 226, 226(e), 226.7, 512, 558, 1194, and 1194.2;

6.   For interest accrued to date;

7.   Injunctive relief enjoining Defendants from engaging in the unlawful and unfair business practices complained of herein;

8.   For all penalties permitted by California's Private Attorney General's Act (PAGA), *Labor Code* §2698, *et. seq.*, based on all of the alleged statutory violations set forth in this Complaint;

9.   For costs of suit and expenses incurred herein pursuant to *Labor Code* §§218.5, 226 and 1194;

10.  For reasonable attorneys' fees pursuant to *Labor Code* §§218.5, 226, and 1194; and,

11.  For all such other and further relief that the Court may deem just and proper.

DATED:  May 24, 2010                    **MARLIN & SALTZMAN, LLP**


By: _____/S/_____
        Marcus J. Bradley, Esq.
        Attorneys for Plaintiffs and
        plaintiff class

24

1

## DEMAND FOR JURY TRIAL

2

NAMED PLAINTIFFS hereby demand a jury trial.

3

4

DATED:   May 24, 2010

5

6

7

8

**MARLIN & SALTZMAN,** LLP

By: _____/S/_____
Marcus J. Bradley, Esq.
Attorneys for Plaintiffs and
plaintiff class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**
**CASE NO. CV 10-1343 PSG (JEMx)**